IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | No. 3:18-bk-07868 |
| CHRISTOPHER ROBERTS KELLY, | ) | Chapter 11 |
| Debtor. | ) | |

| | | |
|---|---|---|
| MICHELE SEXTON and BRANT GAMBLE, derivatively on behalf of Legacy Physician Partners, LLC, | ) | |
| MICHELE SEXTON, in her individual capacity, | ) | |
| and | ) | |
| BRANT GAMBLE, in his individual capacity, | ) | Adv. Pro. No. 19-ap-90043 |
| Plaintiffs, | ) | |
| v. | ) | |
| CHRISTOPHER ROBERTS KELLY, | ) | |
| Defendant. | ) | |

THE DEADLINE FOR FILING A TIMELY RESPONSE IS: JUNE 21, 2019
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: JUNE 25, 2019
AT 9:00 A.M., IN COURTROOM 2, SECOND FLOOR, CUSTOMS HOUSE,
701 BROADWAY, NASHVILLE, TENNESSEE 37203

NOTICE OF DEBTOR'S MOTION TO APPROVE SETTLEMENT
OF CLAIMS PURSUANT TO F.R.B.P 9019

The Debtor-in-possession has asked the Court for the following relief:

DEBTOR'S MOTION TO APPROVE SETTLEMENT OF CLAIMS
PURSUANT TO F.R.B.P 9019

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the Court to grant the attached Motion TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019, or if you want the Court to consider your views on the Motion, then on or before June 21, 2019, you or your attorney must:

1) If you are an attorney, you must timely file a response electronically using the Bankruptcy Court's CM/ECF system. If you are representing yourself pro se, you must file with the Court your written response or objection explaining your position at:

By Mail: U.S. Bankruptcy Court, P.O. Box 24890, Nashville, Tennessee 37202-489090

In Person: U.S. Bankruptcy Court, 701 Broadway, First Floor, Nashville, Tennessee 37203 (Monday – Friday, 8:00 a.m. – 4:00 p.m.)

2) **Your response must state that the deadline for filing responses is June 21, 2019; the date of the scheduled hearing is June 25, 2019, at 9:00 a.m., in Courtroom 2, Second Floor, 701 Broadway, Nashville, Tennessee 37203; and the document to which you are responding is the Debtor's Motion TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019.** If you want a file stamped copy returned, you must include an extra copy and self-addressed, stamped envelope.

3) If you are representing yourself pro se, you must also mail a copy of your response to:

> Steven L. Lefkovitz
> Attorneys for Debtor-in-possession 618 Church Street,
> Suite 410
> Nashville, Tennessee 37219
> Tel. No.: (615) 256-8300
> Fax No.: (615) 255-4516
>
> Natalie Cox
> Assistant United State
> Trustee 318 Customs House
> 701 Broadway
> Nashville, Tennessee 37203
> Tel. No.: (615) 736-2254
> Fax No.: (615) 736-2260

If a timely response is filed, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584, or viewing the case on the Court's web site at <www.tnmb.uscourts.gov> If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 906(f) of the Federal Rules of Bankruptcy Procedure.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Debtor's Motion to approve settlement of claims pursuant FRBP 9019 and may enter an Order granting said relief.

Date: <u>May 31, 2019</u>  Signature: **/S/ STEVEN L. LEFKOVITZ**
Steven L. Lefkovitz, No. 5953
Attorneys for Debtor-in-possession
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
Email: slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and exact copy of the foregoing to Natalie Cox, Assistant United States Trustee, and to all parties of record to receive notice electronically, via the U.S. Bankruptcy Court's CM/ECF system, this May 31, 2019.

I further certify that I have sent a true and exact copy of the foregoing to the Debtor-in-possession and all creditors and parties-in-interest herein, by U.S. Mail, postage prepaid, this May 31, 2019.

**/S/ STEVEN L. LEFKOVITZ**
Steven L. Lefkovitz

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | No. 3:18-bk-07868 |
| CHRISTOPHER ROBERTS KELLY, | ) ) ) | Chapter 11 |
| Debtor. | ) ) | |

| | | |
|---|---|---|
| MICHELE SEXTON and BRANT GAMBLE, derivatively on behalf of Legacy Physician Partners, LLC, | ) ) ) ) ) | |
| MICHELE SEXTON, in her individual capacity, | ) ) ) ) | |
| and | ) ) | |
| BRANT GAMBLE, in his individual capacity, | ) ) ) ) | Adv. Pro. No. 19-ap-90043 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CHRISTOPHER ROBERTS KELLY, | ) ) ) | |
| Defendant. | ) | |

## MOTION TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019

Comes the Debtor-in-possession, through counsel, and respectfully moves the proposed settlement as evidenced by the document attached hereto pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. In support of said motion, the following would be shown unto the Court:

Michele Sexton and Brant Gamble ("Plaintiffs"), by and through counsel, individually and derivatively on behalf of Legacy Physician Partners, LLC ("Legacy") brought suit against

the Debtor both in state court and in these proceedings (adversary number 319-90043) alleging that the Debtor's debt to Plaintiffs was non-dischargeable pursuant to Section 523(a)(2), (4) and (6) of the Bankruptcy Code. The Debtors disputed those allegations. Attached hereto is a copy of the settlement agreement entered into by the parties which was resolves the litigation in full and is dispositive of the pending adversary proceeding.

Wherefore, Debtor-in-possession prays that the above-sought relief be granted.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz, No. 5953
Attorneys for Debtor-in-possession
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
Email: slefkovitz@lefkovitz.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have sent a true and exact copy of the foregoing to Natalie Cox, Assistant United States Trustee, and to all parties of record to receive notice electronically, via the U.S. Bankruptcy Court's CM/ECF system, this May 31, 2019.

I further certify that I have sent a true and exact copy of the foregoing to the Debtor-in-possession and all creditors and parties-in-interest herein, by U.S. Mail, postage prepaid, this May 31, 2019.

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) <br> ) <br> CHRISTOPHER ROBERTS KELLY, ) <br> ) <br> Debtor. ) | No. 3:18-bk-07868 <br><br> Chapter 11 |
| MICHELE SEXTON and ) <br> BRANT GAMBLE, ) <br> derivatively on behalf of Legacy Physician ) <br> Partners, LLC, ) <br> ) <br> MICHELE SEXTON, ) <br> in her individual capacity, ) <br> ) <br> and ) <br> ) <br> BRANT GAMBLE, ) <br> in his individual capacity, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER ROBERTS KELLY, ) <br> ) <br> Defendant. ) | Adv. Pro. No. 19-ap-90043 |

## ORDER GRANTING DEBTOR'S MOTION TO TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019

Upon the Motion of the Debtor-in-possession TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019 based on the settlement attached to the motion seeking approval of said settlement and Notice thereon having been filed with this Court and served upon all creditors and parties-in-interest on May 31, 2019; there having been no written objections filed

with the Clerk of Court within twenty (20) days of Notice, pursuant to LBR 9013-1 and F.R.B.P. 9019; and, upon the entire record herein, the Court finds that said Motion is well taken, and

It is hereby **ORDERED** that the the Motion of the Debtor-in-possession TO APPROVE SETTLEMENT OF CLAIMS PURSUANT TO F.R.B.P 9019 IS GRANTED.

<u>THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.</u>

APPROVED FOR ENTRY:

LEFKOVITZ & LEFKOVITZ

_____
Steven L. Lefkovitz, No. 5953
Attorneys for Debtor-in-possession
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax:    (615) 255-4516
Email: slefkovitz@lefkovitz.com

# SETTLEMENT AGREEMENT

Plaintiffs Michele Sexton, Brant Gamble (collectively, "Plaintiffs") and Defendants Donald Bivacca and Christopher Kelly, along with nominal Defendant Legacy Physician Partners, LLC ("Legacy") (collectively, "Defendants") hereby enter into this settlement agreement (the "Agreement") to fully compromise and resolve all claims and liabilities between the parties hereto.

## RECITALS

WHEREAS, there is a pending lawsuit (Case No. 47696) (the "Lawsuit") between the parties in the Williamson County, Tennessee Chancery Court (the "Court");

WHEREAS, pursuant to that certain *Order*, dated November 26, 2018, Legacy has deposited funds with the Court in the approximate amount of $344,579.17, has received an additional $20,154.12 that shall be deposited with the Court, and has received an insurance remittance check in the amount of $66,743.14 that shall be deposited with the Court (collectively the "Deposited Funds");

WHEREAS, Defendant Kelly has filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 3:18-bk-07868 (as it currently stands as a Chapter 11 bankruptcy case and if subsequently converted to a Chapter 7 bankruptcy case, the "Kelly Bankruptcy Case"), and further Plaintiffs have commenced an adversary proceeding against Defendant Kelly within the bankruptcy case pursuant to 11 U.S.C. 523, Case No. 3:19-ap-90043 (the "Kelly Adversary Proceeding");

WHEREAS, the parties have incurred significant legal expense in connection with the Lawsuit, and are expected to incur significant additional legal expense going forward that the parties desire to avoid;

WHEREAS, the parties desire to terminate the Lawsuit, subject to conditions precedent and antecedent set forth herein;

WHEREAS, in furtherance of the parties' desire to terminate the Lawsuit and without admitting any liability or fault by any of the parties, the parties have agreed to settle all claims as set forth herein, with the execution of this Agreement intended to effect a mutual release, waiver, and full satisfaction of any liability and other rights related to any judgment or cause of action.

NOW, THEREFORE, in consideration of the mutual obligations created by this Agreement and other good and valuable consideration received, the parties agree as follows:

## TERMS OF AGREEMENT

1. **Acknowledgement of Recitals.** The recitals are true and accurate to the best of the parties' understanding and belief and are incorporated herein and made part of this Agreement by reference.

2. **Judgment in favor of Plaintiff.** The parties shall execute and submit to the Clerk and Master of the Court for filing an agreed final judgment (the "Judgment"), in a form substantially complying with the terms of Exhibit A hereto.

3. Mutual Releases.

   a. Plaintiffs' Releases. Except for the obligations set out in this Agreement and the Judgment, the Plaintiffs, on behalf of themselves and their respective heirs, executors, owners, officers, directors, board members, partners, shareholders, associates, employees, contractors, members, parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, agents, representatives, and any person acting on behalf of or at the direction of or for the benefit of any of them, hereby release and forever discharge the Defendants and each of their respective heirs, executors, owners, officers, directors, board members, partners, shareholders, associates, employees, contractors, members, parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, agents, representatives, and any person acting on behalf of or at the direction of or for the benefit of any of them, of and from any and all controversies, demands, notices, claims, charges, complaints, defenses, obligations, causes of action, choses in action, damages, penalties, fees, costs and/or expenses whatsoever (collectively the "Claims") of any kind or nature, known or unknown, including, but not limited to, any Claims that were or could have been asserted in the Lawsuit and of any kind or nature, known or unknown, including, but not limited to, any claim under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disability Act, the Family and Medical Leave Act, the Genetic Information Nondiscrimination Act, the Employment Retirement Income Security Act (except for any claim for vested benefits under the terms of any employee benefit plan), the Tennessee Human Rights Act, the Tennessee Disability Act, the Tennessee Public Protection Act, the Tennessee Equal Pay Act, or any other similar federal, state, or local law, any federal, state or local law claim of whistleblower activity (including Sarbanes-Oxley, Dodd-Frank and False Claims Act Claims, and any claim for wrongful discharge, breach of contract, misclassification of employment or contractual and/or working relationship, independent contractor status, retaliation, or any other right or claim arising from or relating to Plaintiffs' respective contractual and/or working relationship with Legacy and/or the separation from or ending of that contract or relationship. Notwithstanding any other provision of this Agreement to the contrary, Plaintiffs do not waive any rights or claims that may arise after the date this Agreement is executed by them. Excluded from this Agreement are claims that cannot be waived by law. For example, Plaintiffs do not waive any rights or claims related to the enforcement of this Agreement, for workers' compensation benefits, or for unemployment compensation. Further, nothing in this Agreement shall be construed to 1) affect the rights and responsibilities of the Equal Employment Opportunity Commission ("Commission") to enforce the statutes with which the Commission is charged with enforcement responsibility; or 2) to interfere with the protected right of Plaintiff(s) to file a charge or participate in an investigation or proceeding conducted by the Commission or any other federal or state governmental agency. Plaintiffs, agrees, however, that by signing this Agreement they expressly waive any right to recover monetary damages in a suit brought by the Commission or any other federal or state governmental agency on their behalf, unless contrary to

applicable law, except that the Plaintiffs may receive bounty money properly awarded by the U.S. Securities and Exchange Commission, if applicable.

    b. Except for the obligations set out in this Agreement and the Judgment, the Defendants, on behalf of themselves and their respective heirs, executors, owners, officers, directors, board members, partners, shareholders, associates, employees, contractors, members, parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, agents, representatives, and any person acting on behalf of or at the direction of or for the benefit of any of them, hereby release and forever discharge the Plaintiffs and each of their respective heirs, executors, owners, officers, directors, board members, partners, shareholders, associates, employees, contractors, members, parents, subsidiaries, affiliates, predecessors, successors, assigns, attorneys, agents, representatives, and any person acting on behalf of or at the direction of or for the benefit of any of them, of and from any and all controversies, demands, notices, claims, charges, complaints, defenses, obligations, causes of action, choses in action, damages, penalties, fees, costs and/or expenses whatsoever (collectively the "Claims") of any kind or nature, known or unknown, including, but not limited to, any Claims that were or could have been asserted in the Lawsuit. Plaintiffs further hereby agree that upon entry of the Judgment and Plaintiffs' receipt of the settlement sum to which they are entitled pursuant to the terms of the Judgment, and further notwithstanding the terms of the mutual releases granted herein, Plaintiffs will (i) file a voluntary dismissal of the Kelly Adversary Proceeding and (ii) will not otherwise contest Defendant Kelly's ability to obtain a discharge in the Kelly Bankruptcy Case, dismiss the Kelly Bankruptcy Case, or otherwise contest any plan of reorganization filed in connection with the Kelly Bankruptcy Case.

    4.    <u>Plaintiffs' Claimed Legacy Membership Interest</u>. Plaintiffs hereby disavow and explicitly disclaim any claimed membership interest in LPP. In doing so, Plaintiffs represent and warrant that they are not aware of any alleged or actual liens, claims or encumbrances being filed or claimed against any claimed interest they might have had in LPP. Plaintiffs shall defend, indemnify and hold the Defendants harmless from and against all third-party or government claims arising from any actual or threatened breach by the Plaintiffs of any of the foregoing representations, warranties, covenants and obligations under this Agreement. This indemnity and hold harmless agreement shall include indemnity against attorneys' fees, costs and expenses, fines, fees, penalties, damages or other liability that Defendants incurs in connection with such third-party claims.

    5.    <u>Enforcement/Fees</u>. Each party shall bear his/her/its own costs, expenses, and attorneys' fees incurred in this matter. Notwithstanding the foregoing, **THE PARTIES HEREBY AGREE THAT IN THE EVENT A LAWSUIT IS FILED TO RESOLVE ANY DISPUTE ARISING FROM ANY TERM OF THIS AGREEMENT, THERE SHALL BE NO JURY DEMAND AND ANY RIGHT TO A JURY TRIAL IS DEEMED WAIVED PURSUANT TO THIS AGREEMENT.** In any action arising out of or related to this this Agreement, the prevailing party in such action shall be entitled to collect all costs of collection or enforcement, including without limitation, court costs and reasonable attorney's fees.

    6.    <u>Springback</u>. The Judgment and the provisions of paragraphs 3(a) and 4 hereof shall be void *ab initio* and will be of no force and effect if any consideration or benefit to Plaintiffs

pursuant to this Agreement is avoided, disgorged, returned to any Defendant or paid to a trustee or any other third party pursuant to any insolvency, receivership, bankruptcy or related law or for any other reason. Additionally, if any consideration or benefit to Plaintiffs pursuant to this Agreement is avoided, disgorged, returned to any Defendant or paid to a trustee or any other third party pursuant to any insolvency, receivership, bankruptcy or related law or for any other reason, Plaintiffs shall have the right to file a claim in the bankruptcy (or similar proceeding) for the full extent of damages they believe themselves to be entitled, which will be determined without regard to any consideration provided for in this Agreement or any breach or nullification thereof.

7. Effectiveness. This Agreement shall become effective immediately; provided, however, that this Agreement shall be null and void only with respect to Defendant Kelly unless (i) within three (3) days after execution hereof, Defendant Kelly files either (a) a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of this settlement, or, alternatively, (b) a motion to dismiss the Bankruptcy Case, and (ii) the Bankruptcy Court enters a final order approving such applicable motion.

8. New Value. The parties agree and stipulate that they intend this Agreement to constitute a contemporaneous exchange for new value and that new value has been given to the Plaintiffs. The funds held by the Court have been subject to substantial and real dispute. The new value to the Defendants include, but is not limited to, release of funds pursuant to the Judgment, the release of claims pursuant to this Agreement and the other consideration provided the Defendants pursuant to this Agreement.

9. Confidentiality/Non-Disparagement. The terms of this Agreement shall be strictly confidential, except that the parties are permitted to disclose the terms as necessary to their attorneys, accountants, and other professionals for legitimate business purposes. In addition, Plaintiffs and Defendants, directly and indirectly, shall refrain from making or endorsing any disparaging, harassing, intimidating, or otherwise negative comment, communication or statement regarding the others.

10. Representation by Counsel. The parties are represented by counsel, have fully investigated their alternatives to the execution and performance of this Agreement, and are fully aware of the terms contained in this Agreement. The parties therefore agree that any ambiguous terms should not be interpreted against the drafter of this Agreement.

11. Merger/Integration/No-Oral Modification. There are no other agreements between the parties related to settlement. All prior oral representations merge into this Agreement. This Agreement cannot be modified except in a writing signed by the parties.

12. No Fault. The parties acknowledge that execution of this Agreement is not an admission of fault or liability. All parties continue to dispute any wrongdoing and assert that this Agreement is a fair compromise to resolve the Lawsuit.

13. No Admission. The parties recognize that this Agreement, and the settlement that it embodies, has been entered into in RELEASE AND COMPROMISE of the matters described herein, and to avoid the expense, distraction and burden of the Lawsuit or otherwise. This Agreement is not and shall not in any way be deemed or construed as an admission or evidence of liability by any party hereto, any such liability being expressly denied. Subject to the fulfillment

of the provisions of this Agreement, the parties warrant and represent that there are no further debts, obligations, or liabilities incurred by the parties.

14. **Execution of Documents; Consent**. The parties agree to execute all documents reasonably necessary to effectuate the terms of this Agreement.

15. **No Other Complaints**. The parties represent and warrant that they have not filed nor do they have knowledge of any complaints, reports, letters, filing or submission to or with any court, arbitration service, board, association or regulatory entity by or on their behalf (whether governmental, quasi-governmental or otherwise) concerning the other.

16. **Governing Law and Venue**. This Agreement is entered into in the State of Tennessee and the Agreement and any rights, remedies, or obligations provided for in this Agreement shall be construed and enforced in accordance with the laws of the State of Tennessee. Any action with respect to this Agreement or the rights of any party hereto shall be commenced and maintained exclusively in a court of competent jurisdiction sitting in Williamson County, Tennessee.

17. **Further Assurances**. The parties hereto agrees to cooperate fully with the other parties, to take such actions, to execute such further instruments, documents and agreements, and to give such further written assurances, as may be reasonably requested by any other party to evidence and reflect the transactions described herein and contemplated hereby, and to carry into effect the intents and purposes of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed and delivered as of the date set forth below.

*[Remainder of Page Intentionally Left Blank; Signature Pages to Follow]*

**MICHELE SEXTON**

_____   _____
                             Date

**BRANT GAMBLE**

_____   _____
                             Date

**LEGACY PHYSICIAN PARTNERS, LLC**

*Christopher R. Kelly*
_____   _____
By:                          Date
Its: Member and Authorized Agent

**DON BIVACCA**

_____   _____
                             Date

**CHRISTOPHER KELLY**

*Christopher R. Kelly*
_____   _____
                             Date

IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
21ST JUDICIAL DISTRICT, WILLIAMSON COUNTY

| | |
|---|---|
| MICHELLE SEXTON and BRANT GAMBLE, derivatively on behalf of LEGACY PHYSICIAN PARTNERS, LLC, <br><br> MICHELE SEXTON, in her individual capacity <br><br> AND <br><br> BRANT GAMBLE, in his individual capacity, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER KELLY, AND DONALD BIVACCA. <br><br> Defendants, <br><br> and <br><br> LEGACY PHYSICIAN PARTNERS, LLC <br><br> Nominal Defendant. | CIVIL ACTION NO.: 47696 |

## AGREED FINAL JUDGMENT

This matter came before the Court upon the Complaint filed by Plaintiffs Brant Gamble, Michele Sexton, and derivatively Legacy Physician Partners, LLC ("Legacy") (collectively, "Plaintiffs") against Christopher Kelly, Donald Bivacca, and Legacy (collectively, "Defendants"). As evidenced by the undersigned signatures, it appears the parties have reached an agreement on the terms of a judgment to fully and finally resolve the claims in the above-styled proceeding. The settlement amounts set forth herein shall be disbursed from the funds ("Funds") totaling $431,476.43, held by the Court pursuant to that certain *Order*, dated November 26, 2018.

It is therefore ORDERED and ADJUDGED as follows:

A.  Plaintiff is hereby awarded a judgment against Legacy in the principal amount of $140,000.00. The Clerk and Master of the Court is instructed to immediately disburse from the Funds this amount to Plaintiffs Brant Gamble and Michele Sexton, c/o Russ Morgan, Esq., Bradley Arant Boult Cummings LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

B.  Legacy and the Defendants are ordered to and hereby assign to Plaintiffs any rights to any payments due from TownSquare Emergency Associates, LLC ("TownSquare"), or its assignee, or any other entity, arising from the assignment of the Golden Valley contract between Legacy, or its subsidiary, LLP of Missouri, LLC, to TownSquare, a copy of which is attached hereto, which is due on or about November 1, 2019, in the amount of $100,000, and are ordered to take all actions necessary to effectuate the assignment so the proceeds are delivered to Plaintiffs in the same manner as set forth in Paragraph A, including delivering a copy of this order to TownSquare or any other party who took assignment of the Golden Valley contract. This order shall constitute conclusive proof of the assignment.

C.  The Clerk and Master of the Court is instructed to immediately disburse from the Funds the amount of $24,102.50 to Dunham Hildebrand, PLLC in satisfaction of amounts owed by Legacy and for a retainer in the amount of $5,000.00 for future legal fees incurred by Legacy.

D.  The Clerk and Master of the Court is instructed to immediately disburse from the Funds the amount of $263,000.00 to First Advantage Bank, 1024 Dr. Martin Luther King, Jr. Boulevard; Nashville, Tennessee 37203, in satisfaction of amounts owed to it.

E.  The Clerk and Master of the Court is instructed to immediately pay all court costs in this matter from the Funds.

F. The Clerk and Master of the Court is instructed to immediately disburse all remaining amounts from the Funds to Legacy, care of Dunham Hildebrand, PLLC, as counsel for Legacy, which shall be applied to outstanding indebtedness or otherwise in accordance with applicable law.

G. Plaintiffs' claims against each and all of the Defendants are hereby dismissed with prejudice. All parties shall pay their own respective attorneys' fees, costs, and expenses. Additionally, all parties waive their right, if any, to recover discretionary costs from any other party(ies).

This Court shall retain jurisdiction over this matter concerning the enforcement of this Order and/or the terms of any settlement agreement between the parties. This is a final order to which execution shall issue.

IT IS SO ORDERED.

Entered this _____ day of May, 2019.

_____
CHANCELLOR WOODRUFF

APPROVED FOR ENTRY BY:

_____
Griffin S. Dunham (BPR No. 27043)
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville, Tennessee 37203
615.933.5850
griffin@dhnashville.com
*Counsel for Legacy and Chris Kelly*

Russ Morgan (No. 20218)
Jason Palmer (No. 36146)
BRADLEY
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Phone: (615) 252-2311
Fax: (615) 252-6311
rmorgan@bradley.com
*Counsel for Plaintiffs*


Sam Funk
Sims Funk, PLC
3322 West End Avenue, Suite 200
Nashville, Tennessee 37203
Phone: (615) 292-9335
Fax: (615) 649-8565
sfunk@simsfunk.com
*Counsel for Don Bivacca*

**Assignment Fee Agreement**

This Assignment Fee Agreement (the "Agreement") is made and effective this 13th day of November 2018 by and between LPP of Missouri, LLC ("Assignor") and TownSquare Emergency Associates, LLC ("Assignee").

**RECITALS**

WHEREAS, Assignor is a party to that certain Contract for Emergency Department Staffing Services dated December 21, 2017 and effective March 26, 2018 as amended on April 30, 2018, July 6, 2018, and October 1, 2018 with Golden Valley Memorial Hospital District ("Hospital", and the "Contract") as attached hereto as Exhibit "A";

WHEREAS, the Assignor, Assignee and Hospital have entered into that certain Assignment, Assumption and Consent to Assignment Agreement assigning the Contract (the "Assignment"), attached hereto as Exhibit "B", effective as of November 13, 2018 ("Commencement Date"); and

WHEREAS, in consideration for and as inducement for the Assignor's assignment of the Contract, Assignee agrees to pay the Assignment Fee as set forth herein.

NOW THEREFORE, for and in consideration of the mutual covenants, conditions, stipulations, agreements and obligations hereinafter set forth, Assignor, and Assignee agree as follows:

1. **Payment of Assignment Fee.** Assignee agrees to pay, to or at the direction of Assignor, the total of two-hundred thousand dollars ($200,000) (the "Assignment Fee"). The Assignment Fee shall be paid in two separate installments. The first one-hundred thousand dollars ($100,000) shall be paid to Legacy Physician Partners, LLC ("LPP") on or before November 14, 2018. The remaining one-hundred thousand dollars ($100,000) of the Assignment Fee shall be paid to LPP on or before the first anniversary of this Assignment Fee Agreement, provided that Assignee's EBITDA pursuant to the Contract is at least one-hundred thousand dollars ($100,000) in the first year after the Commencement Date. Assignee agrees that it shall only assert any offset against the Assignment Fee by virtue of amounts paid to Providers, staff, insurance providers, or any third party by Assignee, which payment was made on account of a material misrepresentation made by Assignor or LPP, and said material misrepresentation was with respect to facts not otherwise verifiable or available to Assignee.

2. **Entire Agreement.** This Assignment Fee Agreement constitutes the entire understanding of the parties as to the transactions contemplated herein, and supersedes any and all understandings or agreements, if any, oral or written, between the parties relating to the subject matter. There are no understandings, representations, agreements, promises or covenants other than those included herein.

3. **Governing Law.** This Assignment Fee Agreement shall be construed and interpreted in accordance with, and governed by, the laws of the State of Florida Venue for litigation of

any dispute shall be in the State of Florida. If any action or proceeding is commenced by any party, the prevailing party shall be reimbursed for reasonable costs and attorneys' fees (regardless of whether a judgment is rendered in such action or proceeding) at the pre-trial, trial and appellate levels.

4. <u>Counterparts</u>. This Assignment Fee Agreement shall be executed simultaneously in two (2) or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

| | |
|---|---|
| **Assignor:** *Christopher R. Kelly* | **Assignee:** |
| By: _____ | By: _____ |
| Name: Christopher R. Kelly | Name: _____ |
| Title: CEO | Title: _____ |